IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CHERLY SANTANA, YADIRA LEON, BLANCA LAUREANO, GABRIEL COSME, YASHIRA SANTANA AND RAUL COLLAZO** | CIVIL NO. |
| **Plaintiffs** | TORTS CLAIM |
| v. | PLAINTIFFS DEMAND TRIAL BY JURY |
| **AVIANCA, INC.; AEROVIAS DEL CONTINENTE AMERICANO AVIANCA S.A. CORPORACION; COMPAÑIA MUNDIAL DE SEGUROS S.A; JOHN DOE, JANE DOE, RICHARD ROE, INSURANCE COMPANY X, Y, Z** | |
| **Defendants** | |

## COMPLAINT

**TO THE HONORABLE COURT**:

Come now the plaintiffs through their undersigned attorney and very respectfully alleges and prays:

### I. JURISDICTION

1. This court has jurisdiction over the instant action pursuant to 28 U.S.C. Sec 1332 over the state law claims under Article 1536 of the Civil Code of Puerto Rico, 31 L.P.R.A. §10801, and Articles 20.01 and 20.03 of the Insurance Code of Puerto Rico, 26 L.P.R.A. §§2001 and 2003, pursuant to the supplemental jurisdictional statute, 28 U.S.C. §1367 (a), in as much as all the allegations arise from a common nucleus of operative facts and since there is complete diversity of citizenship between the parties; and under the Convention for the Unification of Certain Rules for International Carriage by Air, done at

Montreal on 28 May 1999 (Montreal Convention) reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep. §27, 400-59, 1999 WL 33292734 (1999).

2.	The matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, thus vesting jurisdiction in this Honorable Court pursuant to 28 U.S.C. §1332.

3.	Venue is proper in this District pursuant to 28 U.S.C.1391 (c) because defendant airline is subject to personal jurisdiction in the district and regularly operates aircraft in airports within this district.

## II.  IDENTIFICATION OF PLAINTIFFS

4.	Cherly Santana, of legal age, single, sales consultant, domiciled and resident of Urb. Miraflores Calle 49, Bloque 38.1, Bayamon PR 00957; with the same postal address. Tel. (787) 518-5468 and e-mail address: cherlysantana1023@gmail.com.

5.	Yadira Leon, of legal age, single, policeman, domiciled and resident of Calle Domingo Delgado HN-104 7ma Seccion Levitown, Toa Baja, PR 00949, with the same postal address. Tel. (939) 232-6807 and e-mail address: leonyadira009@gmail.com.

6.	Blanca Laureano, of legal age, single, housewife, domiciled and resident of Avenida Jose De Diego FF-10, Urb. Levitown, Toa Baja, PR 00949, with the same postal address. Tel. (787) 527-7389 and e-mail address: blancayruben1949@gmail.com.

7.	Gabriel Cosme, of legal age, single, supervisor, domiciled and resident of Calle Monserrate Colon #58, Barrio Amelia, Guaynabo, PR 00965 with postal address: Calle Jerusalem #10, Barrio Amelia, Guaynabo, PR 00965. Tel. (787) 244-1875 and e-mail address: gabrielcosme0500@yahoo.com.

8. Yashira Santana, of legal age, single, supervisor, domiciled and resident of Urb. Hermanas Davila, L-9 Calle 4 Bayamon, PR 00959, with the same postal address. Tel. (939) 460-0808 and e-mail address: yashira.hr@gmail.com.

9. Raul Collazo, of legal age, single, policeman, domiciled and resident of Urb. Valles de Guayama, X 12 Calle 17, Guayama PR, 00784, with the same postal address. Tel. (939) 732-3992 and e-mail address: ccollazo1861@gmail.com.

### III. IDENTIFICATION OF DEFENDANTS

7. Defendant Avianca, Inc. a/k/a Aerovias del Continente Americano Avianca S.A. Corporacion is a corporation or entity with capacity to sue and be sued, duly organized under the laws of the country of Colombia and authorized to do business within the jurisdiction of the Commonwealth of Puerto Rico. It is the owner of the airplane where the accident took place and who had jurisdiction, control and duty over the airplane where the accident took place. It is principally and directly responsible for the damages caused to plaintiffs.

8. Defendant Compañía Mundial de Seguros S.A. d/b/a Seguros Mundial is a corporation or entity with capacity to sue and be sued, duly organized under the laws of the country of Colombia and authorized to do business within the jurisdiction of the Commonwealth of Puerto Rico. Per information and belief, it is the insurance company of defendant Aerovias del Continente Americano Avianca S.A. Corporacion a/k/a Avianca, Inc. and are therefore principally and directly responsible for the damages caused to plaintiffs.

9. John Doe, Jane Doe and Richard Roe are fictitious names (for lack of information as to their real identities) of unknown parties that may be responsible for

plaintiff's damages. It is a corporation or entity with capacity to sue and be sued, duly organized under the laws of the Commonwealth of Puerto Rico and/or another state, authorized to do business within the jurisdiction of Puerto Rico and/or other jurisdiction. It is the owner of the airplane where the accident took place and who had jurisdiction, control and duty to maintain the common elements of the place where the accident took place. It is principally and directly responsible for the damages caused to plaintiffs.

10. Insurance Company X, Y, Z are fictitious names (for lack of information as to their real identities) of unknown parties that may be responsible for plaintiff's damages. It is a corporation with capacity to sue and be sued, duly organized under the laws of the Commonwealth of Puerto Rico and/or another state, authorized to do business within the jurisdiction of Puerto Rico and/or other jurisdiction. It is the insurance company of one or some of the co-defendants and is therefore principally and directly responsible for the damages caused to plaintiffs.

### IV. FACTS AND NEGLIGENCE

11. The events in this case took place on May 19, 2024, on Avianca flight number AV-267 traveling from Puerto Rico to Colombia.

12. The day of the accident, plaintiffs, Cheryl Santana, Yadira Leon, Blanca Laureano, Gabriel Cosme, Yashira Santana and Raul Collazo where in the middle of the flight to Colombia when the plane went into a free fall, which can be described as severe turbulence.

13. The passengers did not receive any warning about any impending turbulence or bad weather and were not advised to put on their seat belts.

14. This event caused a situation of uncertainty and fear inside the airplane since the plaintiffs feared that the plane would keep falling and crash.

15. That this accident caused plaintiffs severe suffering and mental anguish.

16. In addition, plaintiffs suffered multiple bodily injuries that included blows, traumas and wounds in different parts of their bodies.

17. Due to the bodily injuries and the suffering and mental anguish caused by this accident, plaintiffs have received medical treatment.

18. Defendant's negligence stems from the failure of the airline to warn passengers of turbulence, failure to instruct passengers to take precautionary measures, such as fastening seat belts and/or from the pilot's failure to identify turbulence and avoid or handle the turbulence.

19. Defendants were also negligent in the way they managed or failed to manage the situation. The stewardesses poorly managed the emergency situation and seemed to not know how to handle the emergency on the aircraft.

20. Defendants did not provide plaintiffs due care, and their inaction ended up causing them harm.

21. Plaintiffs did not incur any negligence in the occurrence of the accident.

22. Defendants are the only and real parties responsible for the damages suffered by plaintiff.

23. All defendants are solidarily responsible for all the alleged damages.

24. All of the allegations in this Complaint are addressed to all defendants including any unknown parties.

## V. DAMAGES

As a result of this accident, plaintiffs suffered the following injuries:

25.     Cherly Santana injured her left leg when it got stuck on the chair and it turned purple and green. She hit her head, which caused her temporary loss of vision, injured her lower back, which caused her constant pain, and has suffered from muscle spasms. She received medical treatment when they reached the airport in Colombia. She has received treatment with her main physician, Dr. Benjamín Menendez, her chiropractor, Dr. Ricardo Gonzalez, her psychiatrist, at Inspira in Bayamon and her psychologist, Dr. Reyes at Centro de Servicios Medicos Integrados (CESMI).

Her bodily injuries as well as her suffering and mental anguish are estimated in an amount no less than $200,000,00.

26.     Yadira Leon injured her back, suffered from vertigo and from continued muscle spasms. She has received medical treatment with her main physician, Dr. Roberto Galindo and with her physiatrist, Dr. Alberto Middelhof de Leon. Her asthma condition worsened and she required medical treatment by Dr. Yanira Casandra. She has also been treated by her psychologist, Dr. Estefania Maestre Gomez.

Her bodily injuries as well as her suffering and mental anguish are estimated in an amount no less than $200,000,00.

27.     Blanca Laureano injured her back and has suffered from muscle spasms. She received medical treatment from a physiatrist, Dr. Alberto Middelhof. She has also been treated by her psychologist, Dr. Belmis Alicea.

Her bodily injuries as well as her suffering and mental anguish are estimated in an amount no less than $150,000.00.

28. Gabriel Cosme suffered a cut in his left knee and injured his head. He received medical treatment when they reached the airport in Colombia. He has received psychological treatment.

His bodily injuries as well as her suffering and mental anguish are estimated in an amount no less than $150,000.00.

29. Yashira Santana injured her back, neck and head. She received medical treatment when they reached the airport in Colombia. She received medical treatment from her chiropractor, Dr. Liza Socorro Malavez and psychiatric treatment with Dr. Serafin Orengo Vega.

Her bodily injuries as well as her suffering and mental anguish are estimated in an amount no less than $150,000.00.

30. Raul Collazo injured his back. He received medical treatment when they reached the airport in Colombia.

His bodily injuries as well as her suffering and mental anguish are estimated in an amount no less than $150,000.00.

**WHEREFORE**, it is respectfully requested from this Honorable Court judgment be entered against defendants for the amount of no less than $1,000,000.00 plus costs, expenses, interests and attorney's fees as provided by law.

In San Juan, Puerto Rico, this 19st of May 2025.

**S/PABLO H. MONTANER CORDERO**
PABLO H. MONTANER CORDERO
USDC-PR-213207
250 Ponce de León Ave.

Suite 1003
San Juan, PR 00918
Tel. (787) 705-1444
montanerlaw@yahoo.co